BURNS *versus* TAYLOR.

QUESTIONS IN THIS CAUSE.

*The competency of a defendant in attachment, to testify as to the title of goods levied on; as of his property.*

*As to the admission in evidence, of the record of an attachment cause, under which goods have been levied, in trespass against a sheriff.*

*What taking, by a sheriff's deputy, will justify trespass against the sheriff.*

1. In trespass against a sheriff, for wrongfully taking goods (under an execution in attachment,) the defendant in the attachment is not a competent witness, to prove that he had sold the goods to the plaintiff for valuable consideration.

2. In trespass against a sheriff, for taking goods, the property of a plaintiff, the record of an attachment cause, in which the plaintiff is neither a party or privy, (its relevancy to the issue being not otherwise shewn,) is no evidence for the defendant.

3. Where goods were levied on, under an attachment, by a sheriff's deputy, and the goods were in possession of a stranger, whose receipt was taken for their delivery; and, upon his subsequent delivery were sold by the deputy—held, that trespass will lie against the sheriff, for the act of his deputy, on this levy and sale.

This was an action of trespass, for taking cotton, in Dallas Circuit Court, and was brought by Burns, against Taylor.

The pleas were, "not guilty," and that the cotton was taken by virtue of an attachment, and sold under execution thereon. There was a demurrer to

the second plea, which was sustained; and a verdict and judgment rendered for the defendant, on the plea of "not guilty."

It appeared by a bill of exceptions, taken in the cause, and upon which was predicated the writ of error to this Court, that the property had been levied on by the defendant's deputy, as part of the estate of one Durham; that it was, at the time of the levy, in the possession of one Dubose, whose receipt was taken for the delivery; and that, on the day of sale Dubose delivered to the deputy, and by him sold as Durham's property. The plaintiff offered to prove by the testimony of Durham, the defendant in the attachment, that the property had been sold by him to the plaintiff; which testimony the Court below excluded.

The defendant then offered in testimony the record of the attachment cause, under which the property had been sold, which, notwithstanding the objection of the plaintiff, was admitted by the Court to be read.

In reference to the fact that the property was in the possession of Dubose when the attachment was levied, and was brought to the place of sale by Dubose, and by him delivered to the deputy of the defendant—the Court was asked to charge the jury that under such a state of matters, trespass would not lie against the defendant; and the Court did so charge—saying, that if the cotton went into the possession of the deputy, without any active agency on his part; and he was quiescent, and it was carried to him by Dubose—then the defendant was not liable in trespass.

All these matters were excepted to, and assigned as causes for reversal in this Court.

*Mr. Clark* for the plaintiff in error—*Mr. Goldthwaite* for the defendant.

HITCHCOCK, J.—This was an action of trespass, brought by Burns against Taylor, for taking and carrying away three bales of cotton. The defendant pleaded—

First—Not guilty.

Second—That he had taken the cotton as sheriff of Dallas county, by virtue of an attachment, before a justice of the peace, in favor of *John B. Jones* vs. one *Green B. Durham,* and that he had sold the same by virtue of an execution issued on a judgment in favor of the plaintiff in the attachment.

Issue was joined on the first plea.

To the second there was a demurrer, which was sustained, and the cause was tried on the first plea, and a verdict was had for the defendant.

There was a bill of exceptions taken at the trial, to sundry opinions of the judge, in excluding and admitting testimony, and to the charge to the jury, only so much of which will be noticed as is material in the decision of the cause.

It appears that, at the trial, the plaintiff offered the deposition of Green B. Durham, the defendant in the execution on the attachment, to prove that he had sold the cotton to the plaintiff before the levy for a valuable consideration; this deposition was objected to on various grounds, one of which was the incompetency of the witness, from interest in the event of the suit. This, we think, was a sufficient objec-

tion, and comes within the decision of the case of *Pruitt & Martin* vs. *Lowry*,[a] decided at the July term, 1834, of this court.

In the progress of the trial, the defendant offered the record and proceedings of the attachment suit, to which the plaintiff objected, but the objection was overruled and the evidence read. The bill of exceptions further states, that, "it was proved that the defendant had never taken the property into his own possession, but it was proved, that, at the time of the issuance of the attachment, it was in the possession of one Dubose, and that the deputy of the defendant, sheriff as aforesaid, took the receipt of the said Dubose for the delivery of the property, and made an entry on the writ of attachment, in these words, 'levied this attachment on three round bales of cotton; Isaac Dubose's receipt taken for the delivery when required by sheriff. Levy made eighth January, 1830. A. Taylor, Sheriff, U. Brooks, D. S.'

It was proved that on the day the property was advertised to be sold by the sheriff, it was brought to the place of sale by Dubose, and sold by the deputy of the defendant who was then sheriff.

The defendant's counsel requested the Court to charge the jury, that under such a state of facts, the action of trespass would not lie against the defendant; and the Court charged the jury, that, if the cotton came to the possession of the deputy, without any active agency on his part, if he was *quiescent* and it was brought to him by Dubose, that the defendant would not be made liable in the action of trespass; to this the plaintiff excepted and requested the Court to charge the jury, "that the act of selling the cotton by the deputy, no matter how it came to his posses-

*1 Por. 101

sion, if it was the property of the plaintiff, constituted such a taking as would enable trespass to be maintained;" but the court refused so to charge.

We think the court erred, in admitting the record of the attachment as evidence, in behalf of the defendant. The question at issue was, whether the plaintiff had title to the property at the time of the levy ; and, it is not possible to conceive, in what way this evidence would tend to disprove that fact—it was a proceeding, to which the plaintiff in this action was neither a party or privy : at all events, it is the duty of a party offering testimony, to shew its relevancy or competency. If it was intended to be used in connection with the subsequent evidence, as to the manner in which the property was brought to the place of sale, by Dubose, it was clearly inadmissible—the object of which was to controvert the fact of the levy, against the return of the officer making it ; a fact which would not be controverted by him.

The Court also erred, in giving the charge requested by the defendant, and refusing that asked by the plaintiff.

That there was a levy and sale by the deputy of the sheriff, is not controverted. The acts of Dubose, who was the bailee of the sheriff, are to be held as the acts of the sheriff.

The position taken by the defendant's counsel, that it does not appear, that the property was ever in the actual possession of the sheriff, or that it was delivered by him, to the purchaser, cannot be sustained. The bill of exceptions states that the property was sold by the sheriff's deputy; this was such a taking

as constitutes trespass, if the property belonged to the plaintiff; and the court should so have instructed the jury. It necessarily implies a delivery.— This proposition is too plain to require, or admit of illustration.

Let the judgment be reversed and the cause remanded.